## LORENZ, IN RE

Probate Court. Tuscarawas County.

Decided April 22, 1943.

Ralph Finely, New Philadelphia, for proponents.

## OPINION

By LAMNECK, J.

Margaret Lorenz died on the 21st day of February, 1943, a resident of Jefferson Township in this county, and thereafter on the 13th day of April, 1943, an instrument purporting to be her last will and testament was filed in this Court for probate.

It appears from the evidence presented and an examination of the instrument that she executed a purported will on the 28th day of December, 1928. This document was written on a two page form. All of the dispositive matter of the original document appears on three-fourths of the first page and the signature and the attestation clause appear at the end of the second page.

On the 19th day of May, 1941, she executed what is purported to be a codicil which the scrivener inserted in the blank space of the instrument dated December 28, 1928.

The instrument as it is presented in Court has the following appearance:

1. Original dispositive provisions.
2. Codicil reading as follows:

"Codicil to will.

Where as I Margaret Lorenz on the 28 day of December 1928 made my last Will and Testament of that day do hereby declare the following to be a codicil to the same.

I do hereby annull Item 4th and to read as follows:

The $100.00 I willed to the Evangelic Church I will and bequeath to the Endowment Fund of the Stonecreek Cemetery."

3. Signature and attestation clause dated May 19, 1941.
4. Signature and attestation clause dated December 28, 1928.

The question arises as to whether or not this instrument is executed with the formality required by §10504-3 GC, which reads as follows:

"Except nuncupative wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other

person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses. who saw the testator subscribe, or heard him acknowledge his signature."

. Generally, a codicil is an addition to, qualification or alteration of a will previously made. It is not only a supplemental will, incomplete in itself, but an appendage to an existing will, of which it is a part. It must be executed with all the formalities required in executing wills. A codicil also republishes the original instrument to which it refers bringing it down to the date of the codicil, and a validly executed codicil will usually cure a defectively executed will or codicil.

An examination of the original instrument dated December 28th, 1928, and the codicil dated May 19, 1941, and the testimony shows that both were legally executed as required by statute if taken separately.

. The signature of a testator is not required to be placed after the last word of the will. It must appear, however, after all the dispositive portion of the will. If a valid signature of a testator appears after the dispositive clauses, it is signed at the end as required by statute. (**In re Mazurie 9 OO 163, 24 O. L. A. 622.**)

If the original will in this case had not been signed by the testator or had not been attested in the presence of two subscribing witnesses, it would have been defectively executed. The addition of the codicil, properly signed and attested, after the dispositive portions of the original would have made it a legal will, however, because a codicil republishes the original instrument to which it refers. The fact that a portion was written in 1928 and the remainder in 1941 would not affect its validity because the testator's signature to the codicil now appears at the end of all dispositive portions and her signature is properly attested by two witnesses.

The fact that there is another signature of the testator and another attestation clause after the testimonium and attestation clauses of the codicil does not affect the validity of the instrument. The only purpose that the original execution serves where a codicil is properly executed, and the testator at the time of executing the codicil is of sound mind and memory and not under restraint, is for identification.

In the instant case the Court is of the opinion that said instrument is properly signed and attested, and should be admitted to probate. (See **Clark v Carpenter, 14 Oh Ap 278,** and **Mader v Apple, 80 Oh St 691.**)

An order will be drawn accordingly.

No appeal taken.